IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| TAMIA REDWAY, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No. CIV-26-18-JFH-GLJ |
| | ) | |
| WALMART INC., | ) | |
| | ) | |
| **Defendant.** | ) | |

## REPORT AND RECOMMENDATION

This matter is before the Court on motion by Defendant Walmart Inc. for dismissal of this case filed by pro se Plaintiff Tamia Redway. This case was referred to the undersigned Magistrate Judge for all further proceedings in accordance with jurisdiction pursuant to 28 U.S.C. § 636, on February 20, 2026 [Docket No. 14]. Having considered the motion and all relevant filings, the undersigned Magistrate Judge recommends that Defendant's Renewed Motion to Dismiss and Brief in Support [Docket No. 18] be GRANTED.

### I. Background and Procedural History

Plaintiff, proceeding *pro se*, filed this case in Oklahoma state court in Bryan County, CJ-25-316, on December 18, 2025, and Defendant removed the case to this Court on January 20, 2026 [Docket Nos. 1-2]. On February 10, 2026, Defendant moved to dismiss Plaintiff's state court Petition, and Plaintiff moved for leave to file an Amended Complaint. Docket Nos. 11, 13. Plaintiff filed her Amended Complaint on February 20, 2026, and Defendant filed a renewed Motion to Dismiss on March 4, 2026. Plaintiff's Amended

Complaint alleges violations of Title VII and the Oklahoma Anti-Discrimination Act ("OADA") arising out of her employment with Defendant, including race discrimination and retaliation. Additionally, she alleges the state law claims of wrongful termination and negligence.

## II. Legal Standards

Under Fed. R. Civ. P. 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Practically, this means that the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim is plausible on its face when the complaint "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "In considering whether the complaint's allegations are sufficient, the court first eliminates conclusory allegations, mere 'labels and conclusions,' and any 'formulaic recitation of the elements of a cause of action.'" *Bledsoe v. Carreno*, 53 F.4th 589, 606 (10th Cir. 2022) (quoting *Iqbal*, 556 U.S. at 678) (quoting *Twombly*, 550 U.S. at 555). "The court then accepts as true all well-pled factual allegations and considers 'whether they plausibly give rise to an entitlement to relief.'" *Id.* (quoting *VDARE Found. v. City of Colorado Springs*, 11 F.4th 1151, 1159 (10th Cir. 2021)).

When reviewing a motion to dismiss under Rule 12(b)(6), the Court "'must determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory

proposed.'" *Commonwealth Prop. Advocates, LLC v. Mortg. Elec. Registration Sys., Inc.*, 680 F.3d 1194, 1201-1202 (10th Cir. 2011) (quoting *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007)). "While the 12(b)(6) standard does not require that Plaintiff establish a prima facie case in her complaint, the elements of each alleged cause of action help to determine whether Plaintiff has set forth a plausible claim." *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012).

Finally, because Plaintiff is proceeding *pro se*, the undersigned Magistrate Judge liberally construes her pleadings. *See Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992) (requiring courts to liberally construe a *pro se* litigant's pleadings); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (a court construes a *pro se* party's pleadings liberally and holds them "to a less stringent standard than [that applied to] formal pleadings drafted by lawyers."). Although *pro se* pleadings are held to a less stringent standard than ones drafted by lawyers, a *pro se* litigant must "'follow the same rules of procedure that govern other litigants.'" *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)). Furthermore, the Tenth Circuit "do[es] not believe it is the proper function of the district court to assume the role of advocate for the pro se litigant." *Hall*, 935 F.2d at 1110.

### III. Analysis

Defendant moves for dismissal pursuant to Fed. R. Civ. P. 12(b)(4), 12(b)(5), and 12(b)(6), contending that service of process and the process itself was insufficient here and that Plaintiff fails to state a claim. Plaintiff responds with additional factual allegations to support her claims, but does not address Defendant's argument regarding service.

-3-

A. *Proper Service*

Defendant, appearing in this case out an abundance of caution, contends that Plaintiff's process itself was insufficient because the summons form, created while the case was still pending in Oklahoma state court, did not comply with 12 Okla. Stat. § 2004(B)(1), was not signed by the Clerk, contained a caption from the Western District of Oklahoma, did not provide Plaintiff's address, and provided an incorrect answer deadline. Additionally, Defendant alleges service of process was insufficient because it was not made upon an officer, managing or general agent, or authorized agent, but was instead directed at an individual and left at the Durant, Oklahoma, Walmart store by a sheriff's deputy. The undersigned Magistrate Judge also notes that a return of service has not been filed with the Court. *See* Fed. R. Civ. P. 4(l) and 12 Okla. Stat. § 2004(B)(1). Plaintiff does not refute these assertions. The undersigned Magistrate Judge agrees that a sheriff dropping the improper summons and Petition off at a store is not considered proper service of process pursuant to Rule 4(e), and that the service itself was incomplete. Accordingly, the undersigned Magistrate Judge finds Plaintiff's service and attempted service of process were insufficient and Plaintiff is entitled to dismissal pursuant to Fed. R. Civ. P. 12(b)(4) and 12(b)(5).

B. *Failure to State a Claim*

Plaintiff's alleges in her Amended Complaint that while she was employed with Walmart she "was subjected to severe and ongoing racial discrimination, including unequal treatment, hostile conduct, and discriminatory practices," "was treated differently than similarly situated non-Black employees," and that she reported discriminatory conduct and

-4-

unfair treatment to management, but that she "experienced retaliation, including increased scrutiny, hostility, and adverse employment actions" up to and including termination, which she believes was motived "by racial discrimination and retalation, no legitimate business reasons." Docket No. 16, p. 1, ¶¶ 5-10. Plaintiff's Amended Complaint provides no additional or specific factual information regarding her dates of employment or specific actions taken by Defendant in support of any of her four claims. *See, e.g.*, *Wade v. City of Haileyville*, 2015 WL 4759389, at *8 (E.D. Okla. Aug. 12, 2015) ("Plaintiff's vague, conclusory allegations against the Sheriff's Department do not state any facially plausible claim for relief under 42 U.S.C. § 1983 or any other law and therefore must be dismissed.").

While the Court must accept as true all well-pleaded factual allegations in the complaint and view those allegations in the light most favorable to Plaintiff, *Nixon v. City and County of Denver*, 784 F.3d 1364, 1368 (10th Cir. 2015), a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Plaintiff's Amended Complaint fails to meet this standard, and the additional factual averments contained in her response cannot be considered. *See Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994) ("The nature of a Rule 12(b)(6) motion tests the sufficiency of the allegations *within the four corners of the complaint* after taking those allegations as true.") (emphasis added). Defendant is therefore also entitled to dismissal pursuant to Fed. R. Civ. P. 12(b)(6).

-5-

Moreover, Plaintiff has previously been granted leave to amend following Defendant's original Moton to Dismiss.  The undersigned Magistrate Judge considered the the additional "factual clarifications" in Plaintiff's Response in consideration of whether a final amendment to the pleadings might be warranted, but finds that while they provide information regarding dates, they fall short of containing sufficient factual matter to state a claim as to this Defendant.  As such, the undersigned Magistrate Judge finds Plaintiff has had ample opportunity to support her claims but has ultimately failed to state a claim for relief.  "The court cannot construct a satisfactory Complaint on Plaintiff's behalf." *Vanwinkle v. Coweta Police Dep't*, 2022 WL 4449307, at *3 (E.D. Okla. Sept. 23, 2022).

## CONCLUSION

Accordingly, the undersigned Magistrate Judge RECOMMENDS that Defendant's Renewed Motion to Dismiss and Brief in Support [Docket No. 18] be GRANTED.  Any objections to this Report and Recommendation must be filed within fourteen days.  *See* 18 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  A response shall be due within fourteen days of any objection.  Any objections and response shall each be limited to 10 pages and a reply is permitted only with leave of court upon a showing of good cause.

IT IS SO ORDERED this 8th day of April, 2026.

_____
**GERALD L. JACKSON**
**UNITED STATES MAGISTRATE JUDGE**

-6-