IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TAMIA REDWAY, | |
| **Plaintiff,** | |
| v. | Case No. 26-CV-018-JFH-GLJ |
| WALMART, INC., | |
| **Defendant.** | |

## OPINION AND ORDER

Before the Court are Plaintiff Tamia Redway's Motions to Alter or Amend Judgment and For Leave to File a Second Amended Complaint. Dkt. Nos. 32, 33. Defendant Walmart, Inc., opposes the Motions. Dkt. No. 34. For the following reasons, Plaintiff's Motions are DENIED.

## BACKGROUND

Plaintiff—proceeding *pro se*— filed this case in Bryan County, Oklahoma, on December 18, 2025. Dkt. Nos. 1-2. Defendant removed the case to this Court on January 20, 2026. *Id.* After Defendant moved to dismiss Plaintiff's state court Petition, Plaintiff filed an Amended Complaint, asserting violations of Title VII, the Oklahoma Anti-Discrimination Act, and state law claims of wrongful termination and negligence. Dkt. Nos. 11, 16, 17. Defendant subsequently renewed its motion to dismiss based on failure to properly serve and failure to state a claim. Dkt. No. 18.

On April 8, 2026, Magistrate Judge Gerald L. Jackson entered a Report and Recommendation recommending that Plaintiff's Amended Complaint be dismissed. Dkt. No. 23. In doing so, he found that (1) Plaintiff failed to properly serve Defendant and (2) the Amended Complaint "provides no additional or specific factual information regarding her dates of employment or specific actions taken by Defendant in support of any of her four claims." *Id.* at 5. Upon referral, United States District Judge William G. Young adopted the Report and Recommendation of Magistrate Judge Gerald L. Jackson [Dkt. No. 23] and granted Defendant's

Motion to Dismiss [Dkt. No. 18]. *See* Dkt. Nos. 27, 30. The Court subsequently entered judgment for Defendant and dismissed Plaintiff's claims without prejudice on May 18, 2026. Dkt. No. 31. Eight days later, on May 26, 2026, Plaintiff moved to alter that judgment and for leave to file a second amended complaint. Dkt. Nos. 32, 33.

### ANALYSIS

Plaintiff moves to alter the Court's judgment under Federal Rule of Civil Procedure 59(e). "Under Rule 59(e), a party may move the court 'to alter or amend a judgment' within 28 days after the entry of judgment." *ORP Surgical, LLC v. Howmedica Osteonics Corp.*, 92 F.4th 896, 922 (10th Cir. 2024) (quoting Fed. R. Civ. P. 59(e)). "A Rule 59(e) motion 'is appropriate where the court has misapprehended the facts, a party's position, or the controlling law.'" *Id.* (quoting *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)). This includes reconsideration based on "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete*, 204 F.3d at 1012. But such motions "'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" *Nelson v. City of Albuquerque*, 921 F.3d 925, 929 (10th Cir. 2019) (quoting *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 (2008)).

Here, Plaintiff moves to alter judgment because her dismissal "was based on pleading deficiencies that can be cured through amendment." Dkt. Nos. 32, 33. Thus, she seeks to alter the judgment to amend her complaint again, not because of legal error or an intervening change in the law. True, "courts sometimes have granted Rule 59(e) motions to vacate judgments of dismissal to permit amending the complaint." *Jicarilla Apache Tribe v. Hodel*, 821 F.2d 537, 540 (10th Cir. 1987). However, Plaintiff has already filed two deficient complaints in this matter. And, she could have sought to amend her complaint again after Defendant's renewed motion to dismiss put her on notice of these deficiencies. But she did not do so. And even now, after judgment has been entered, she fails to provide any reason why her next complaint would be any different from her

previous two.  Simply put, Plaintiff's Motions provide no reason to alter the judgment and grant leave to amend.  The Court's judgment of dismissal remains.

**CONCLUSION**

IT IS THEREFORE ORDERED that Plaintiff's Motions to Alter or Amend Judgment and For Leave to File a Second Amended Complaint [Dkt. Nos. 32, 33] are DENIED.

Dated this 15th day of June, 2026.

JOHN F. HEIL, III
CHIEF UNITED STATES DISTRICT JUDGE